IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 3:18-CR-232-K (12) |
| | § | |
| ROMAN MORALES-SANCHEZ, | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Roman Morales-Sanchez's ("Morales-Sanchez") October 25, 2021 *Motion for Hardship Credit for Hard Time Served*. (Dkt. No. 653.) As detailed herein, the motion is **DENIED**, and construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, it is **DISMISSED WITHOUT PREJUDICE** to filing a proper petition under § 2241 after exhausting applicable administrative remedies.

I.   BACKGROUND

Morales-Sanchez, a federal inmate incarcerated at the Giles W. Dalby Correctional Institution ("CI Dalby") in Post, Texas, pleaded guilty to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). By judgment dated March 27, 2019, he was sentenced to 100 months' imprisonment, to be followed by three years of supervised release.

Morales-Sanchez now seeks "two days credit for one served for the time inmate Roman Morales-Sanchez has been locked down in [CI Dalby] since March of 2020." (Dkt. 623 at 3.) He argues that he is entitled to this "hardship credit for hard time

served" because of alleged unconstitutional conditions of confinement at CI Dalby resulting from the COVID-19 pandemic. (*Id.* at 1-3.)

## II. DISCUSSION

**A.** <u>Sentence Modification</u>

A district court lacks inherent authority to modify a criminal defendant's sentence of imprisonment after it has been imposed. *See United States v. Jackson*, 851 F. App'x 495, 496 (5th Cir. 2021) (per curiam) ("a district court may not correct or modify a term of imprisonment once it has been imposed, except in those specific circumstances enumerated by Congress in § 3582(b) and (c).").

Here, Morales-Sanchez has failed to allege any statutory basis that authorizes this Court to award the double credit he requests. He does not contend that his motion falls within the provisions of § 3582(b). *See* 18 U.S.C. § 3582(b). Nor does not appear that he is seeking a modification of his sentence under § 3582(c) because he has not submitted a proper motion either identifying extraordinary or compelling reasons that warrant such a reduction or relying upon an amendment to the United States Sentencing Guidelines. *See* 18 U.S.C. §§ 3582(c)(1)(A), (c)(2); *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). The Court therefore lacks the authority to entertain Morales-Sanchez's motion for time credit or to grant the relief requested. *See id.* Accordingly, his motion is DENIED.

B.   <u>28 U.S.C. § 2241</u>

To the extent Morales-Sanchez's motion can be liberally construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the computation of his credit awards, a petitioner seeking relief under § 2241 generally must exhaust all available administrative remedies before presenting his claims in court.  *See, e.g., United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons.").  A petitioner need not exhaust administrative remedies, however, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citation and internal quotation marks omitted).  These exceptions "apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (internal citation omitted).

Here, Morales-Sanchez has not alleged or shown that he pursued any applicable administrative remedies prior to seeking relief in this Court, or that an exception to the exhaustion requirement applies.  Accordingly, construed as a habeas corpus petition under § 2241, Morales-Sanchez's filing is dismissed without prejudice to filing a proper petition under § 2241 following exhaustion of applicable administrative remedies.

## C. <u>Civil Claims</u>

To the extent Morales-Sanchez seeks to challenge the constitutionality of his conditions of confinement at CI Dalby, those claims are not cognizable as a post-judgment motion in this criminal case and are more appropriately addressed in a separate civil action. Because of the filing fee applicable to civil actions filed by prisoners under the Prison Litigation Reform Act ("PLRA"), the motion is not liberally construed as seeking to open a new civil rights action at this time. *See* 28 U.S.C. § 1915(b)(1).

## III. CONCLUSION

For the aforementioned reasons, Morales-Sanchez's *Motion for Hardship Credit for Hard Time Served* is **DENIED** and, construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, it is **DISMISSED WITHOUT PREJUDICE** to filing a proper petition under § 2241 after exhausting applicable administrative remedies.

The Clerk of the Court is **DIRECTED** to open for statistical purposes a new habeas corpus action under 28 U.S.C. § 2241, directly assign it to the same District Judge and Magistrate Judge as in this criminal case, and to close the same on the basis of this order.

The Clerk of the Court is **DIRECTED** to mail Morales-Sanchez a copy of this Court's standard forms for filing a civil complaint and an application to proceed *in forma pauperis* in case he wishes to file a new civil action. Morales-Sanchez is cautioned that the filing fee provisions of the PLRA will apply to the new action. *See* 28 U.S.C. § 1915(b).

SO ORDERED.

Signed November 4th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE